UNITED STATES v. CHIN HING.

(District Court, D. Maine.   July 27, 1915.)

No. B1.

1. ALIENS ⬤�ि—26—CHINESE EXCLUSION—CITIZENS.
    The Chinese Exclusion Acts (Act Sept. 13, 1888, c. 1015, 25 Stat. 476, and Act May 5, 1892, c. 60, 27 Stat. 25 [Comp. St. 1913, §§ 4315–4323]), do not apply to persons of that race if they were born in the United States of parents there living; Const. Amend. 14, cl. 1, declaring that all persons born in the United States are citizens of the United States and of the state wherein they reside.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 83;  Dec. Dig. ⬤⟿26.]

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. ALIENS ⬾32—CHINESE EXCLUSION—ACTIONS—EVIDENCE.

In a proceeding for the deportation of a Chinese person, evidence *held* to show that he was born in the United States of parents there residing.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⬾32.]

Proceeding by the United States against Chin Hing for his deportation under the Chinese Exclusion Act. From an order of the commissioner, directing deportation, Chin Hing appeals. Order reversed.

John B. Kehoe and Samuel L. Bates, both of Portland, Me., for appellant.

John F. A. Merrill, U. S. Dist. Atty., and Arthur Chapman, Asst. U. S. Dist. Atty., both of Portland, Me.

HALE, District Judge. [1] The United States commissioner has ordered that the appellant be removed from the United States to the republic of China; it appearing to the satisfaction of the commissioner that he is a Chinese person not lawfully entitled to be, or remain, in the United States, and that he is a citizen and subject of no other country than China. Appeal has been taken to this court, from the order of deportation. It is clear that the Chinese Exclusion Act does not apply to persons of that race, even though laborers, if they were born in the United States, of parents living in the United States. This is by virtue of the first clause of the fourteenth amendment of the Constitution:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the State wherein they reside."

See U. S. v. Wong Kim Ark, 169 U. S. 649, 18 Sup. Ct. 456, 42 L. Ed. 890.

[2] Was the appellant born in this country, of parents living in this country? He testifies that he was born 25 years ago in San Francisco, at 714 Dupont street; that he lived there 11 years, and went from there to New York, and from New York to Boston, where he lived 5 years; that he afterwards lived in Waltham, and then came to Lewiston, where he now lives and keeps a laundry. His testimony is clear; he is not shaken on cross-examination.

Chin Heung testifies that he has known the appellant ever since his birth, but that he is not related to him. He says the appellant was born at 714 Dupont street, in San Francisco. Chin Heung testifies, also, that he came on the train with Chin Hing to New York, and went to 35 Pell street. Judge Connolly, of the Superior Court of this county, testifies that he knows this witness, Chin Heung, has known him for a long time, and that he knows him to be a man of honesty and good reputation for truth.

Chinese Inspector Sullivan examined Chin Hing with great care, and obtained testimony which I think, on the whole, is not unfavorable to the appellant's case. At that examination, Chin Hing said he was born in San Francisco. He did not then undertake to testify where in San Francisco he was born. He said he did not know. He made some

statements which may fairly be said to be unfavorable to his contention; but he said nothing which, I think, on the whole, should be held to discredit him. I agree with Judge Hough that it is sometimes advantageous to find out what a Chinaman will say, when suddenly confronted by an inspector, and asked about facts relating to his right to remain in this country. Such examination by an inspector often assists in arriving at the truth. I think this Chinaman met this test. He appears well upon the stand; he has been in this country all his life. Nothing to his discredit is found during his residence in Lewiston. In U. S. v. Leu Jin (D. C.) 192 Fed. 580, Judge Holt gave great weight to the testimony that the Chinaman before him had been in New York ever since he was 8 years old. In this case the appellant has lived many years in Boston and in Lewiston, where his life has been open to observation, and is a matter of testimony in this case. In this class of cases, it is often very difficult to arrive at the truth. Taking the whole testimony into consideration, the appellant has, by a preponderance of the evidence, induced the belief in my mind that he is native-born.

The order of deportation is reversed.